IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRONOVA BIOPHARMA NORGE AS,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | CIVIL ACTION No. 09-286-SLR-MPT |
| PRONOVA BIOPHARMA NORGE AS,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX CORP. and APOTEX INC.,<br><br>Defendants. | CIVIL ACTION NO. 09-304-SLR-MPT |
| PRONOVA BIOPHARMA NORGE AS,<br><br>Plaintiff,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC.,<br><br>Defendants. | CIVIL ACTION NO. 09-305-SLR-MPT |
| PRONOVA BIOPHARMA NORGE AS,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | CIVIL ACTION NO. 10-800-SLR-MPT |

{00462117;v1}

| | |
|---|---|
| PRONOVA BIOPHARMA NORGE AS,<br><br>                Plaintiff,<br><br>        v.<br><br>PAR PHARMACEUTICAL INC., and<br>PAR PHARMACEUTICAL COMPANIES, INC.,<br><br>                Defendants. | CIVIL ACTION NO. 10-801-SLR-MPT |

## PROPOSED ORDER

WHEREAS Plaintiff Pronova Biopharma Norge AS ("Pronova") has asserted U.S. Patent No. 5,502,077 ("the '077 patent") and U.S. Patent No. 5,656,667 ("the '667 patent") against Defendant Teva Pharmaceuticals USA, Inc. ("Teva") in Civil Action No. 09-286-SLR-MPT ("the original Teva case"), against Apotex Corp. and Apotex Inc. ("Apotex") in Civil Action No. 09-304-SLR-MPT (the "Apotex case") and against Par Pharmaceutical Inc. and Par Pharmaceutical Companies, Inc. ("Par") in Civil Action No. 09-305 ("the original Par case");

WHEREAS Pronova amended its complaints in the original Teva case and the original Par case to assert U.S. Patent No. 7,678,930 ("the '930 patent");

WHEREAS Pronova amended its complaints a second time in the original Teva case and the original Par case to assert U.S. Patent No. 7,718,698 ("the '698 patent");

WHEREAS Pronova subsequently asserted U.S. Patent No. 7,732,488 ("the '488 patent") against Teva in Civil Action No. 10-800-SLR-MPT and against Par in Civil Action No. 10-801-SLR-MPT;

WHEREAS this Court has granted Pronova's motion for leave to file an amended complaint against Apotex to assert the '930 patent and the '698 patent in the Apotex case;

WHEREAS this Court has bifurcated proceedings between Pronova, Teva and Par on the '930 patent and the '698 patent from proceedings between Pronova, Teva, Apotex and Par on the '077 patent and the '667 patent; and

WHEREAS the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del LR 16.2(a) and (b) regarding the '930 patent and the '698 patent (as between Pronova, Teva, Apotex and Par) and regarding the '488 patent (as between Pronova, Teva and Par);

IT IS ORDERED that:

1. With respect to Pronova and Teva, on-going discovery as well as trial on the '930 patent and '698 patent is hereby consolidated with discovery and trial on the '488 patent and the consolidated action (regarding the '930 patent, the '698 patent and the '488 patent) shall proceed under Civil Action No. 10-800-SLR-MPT ("the bifurcated Teva case").

2. With respect to Pronova and Par, on-going discovery as well as trial on the '930 patent and '698 patent is hereby consolidated with discovery and trial on the '488 patent and the consolidated action (regarding the '930 patent, the '698 patent and the '488 patent) shall proceed under Civil Action No. 10-801-SLR-MPT ("the bifurcated Par case").

3. The Stipulated Protective Order entered in the original Teva case, the original Par case, and the Apotex case will apply in the instant cases.

4. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 within 14 days of entry of the Scheduling Order by the Court.

5. **Discovery.**

(a) To the extent that issues of willfulness or damages are raised in the case, those issues will be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) All discovery taken in the original cases shall be deemed of record in the instant bifurcated cases as applicable, and there shall be no unnecessary duplication of discovery that has been previously served and/or responded to.

(c) Discovery will be needed on the following subjects to the extent not already taken as set forth above in paragraph (b):

    (1) Discovery by Plaintiff:

        i. Defendants' ANDA filings and communications with FDA;

        ii. Defendants' ANDA products;

        iii. Infringement the '930 patent, the '698 patent and the '488 patent; and

        iv. Evidence on which Defendants will rely in support of their defenses and counterclaims.

Plaintiff reserves the right to discovery on additional subjects as the case progresses.

    (2) Discovery by Defendants: Par and Teva started serving discovery on the '930 patent and the '698 patent in June 2010.

        i. Defendants' defenses as set forth in their respective pleadings, including, among other things, defenses of invalidity, unenforceability, and noninfringement;

        ii. The '930 patent and the '698 patent and the '488 patent, and any related patents and applications, including the prosecution of these patents and applications;

        iii. Research and development work related to the alleged inventions disclosed in the '930 patent and the '698 patent and the '488 patent, including discovery from third parties such as GlaxoSmithKline.;

      iv.    NDA No. 21-654, any related Investigational New Drug Application (IND) and communications with the FDA regarding same;

      v.    Any secondary considerations of nonobviousness relating to the '930 patent and the '698 patent and the '488 patent; and

      vi.    Evidence on which Plaintiff will rely in support of its claims and defenses to counterclaims.

(d) All continuing, additional and non-duplicative fact discovery shall be commenced in time to be completed by June 15, 2011.

(1) Interrogatories.

Maximum of fifteen (15) additional, non-duplicative interrogatories by Plaintiff upon each Defendant.

Maximum of ten (10) additional, non-duplicative interrogatories by Defendants to be jointly propounded on Plaintiff. In addition, Defendants may each separately propound ten (10) additional, non-duplicative interrogatories on the Plaintiff.

(2) Contention interrogatories, if served, shall first be addressed by the party with the burden of proof on March 18, 2011, with the responsive answers due within (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of fifty (50) additional, non-duplicative requests for admission by Plaintiff upon each Defendant. The Defendants will share twenty-five (25) additional, non-duplicative requests for admission to be jointly propounded on Plaintiff. In addition, Defendants may each separately propound twenty-five (25) additional, non-duplicative requests for admission on the Plaintiff. The parties will negotiate a reasonable number of

additional requests for admissions relating to the admissibility and/or authenticity of documents or otherwise reach agreement on the admissibility and/or authenticity of documents.

(4) Paper and electronic document discovery.

Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before February 23, 2011.

(5) Fact depositions by each party.

Maximum of eight (8) additional, non-duplicative fact depositions by Plaintiff upon each Defendant.

Maximum of twenty (20) additional, non-duplicative fact depositions by Defendants upon Plaintiff.

Each fact deposition by Plaintiff will be limited to a maximum of seven (7) hours unless extended by agreement of parties. Each fact deposition by Defendants will be limited to a maximum of eleven (11) hours unless extended by agreement of parties. Each hour of deposition of a witness conducted in a language other than English shall be extended by an additional half-hour.

(e) Expert discovery shall be commenced in time to be completed by November 4, 2011.

Expert reports on issues for which the parties have the burden of proof due on July 22, 2011. Rebuttal expert reports due on August 22, 2011. Reply reports due on September 22, 2011. Reply expert reports shall be limited to addressing matters raised in rebuttal expert reports for which the rebutting party has the burden to come forward with evidence (such as secondary considerations of nonobviousness raised by Plaintiff in its rebuttal expert reports).

(2) Each deposition of an expert represented by the Plaintiff shall be limited to a maximum of eleven (11) hours unless extended by agreement of the parties. Each deposition of an expert represented by Defendants shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before November 18, 2011.

(f) Supplementations under Rule 26(e) are due as required by that rule.

(g) **Discovery Disputes.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(h) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours

per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

6. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before April 11, 2011.

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR. Counsel are advised that the Magistrate Judge may require the parties informally to exchange discovery on any subject in aid of settlement.

8. **Claim Construction Issue Identification.** Plaintiff will identify the asserted claims on March 11, 2011.

The parties shall exchange lists of claim terms that they believe need construction and their proposed claim construction of those terms on May 20, 2011. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to compare a Joint Claim Construction Statement to be submitted pursuant to paragraph 9 below.

9. **Claim Construction**.

The parties shall agree upon and file the Joint Claim Construction Statement on June 3, 2011 with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on June 17, 2011. Simultaneous response briefs should be filed by July 15, 2011. The hearing on claim construction will occur on December 2, 2011 at 9:30 am.

10. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

11. **Motions in Limine.** No motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

12. **Pretrial Conference.** A pretrial conference will be held on December 2, 2011 at 9:30 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

14. **Trial.** This matter is scheduled for a bench trial commencing on January 3, 2012 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge